KATRYNA LYN SPEARMAN
*Pro Hac Vice*
Lowther + Walker LLC
101 Marietta St. NW, Ste. 3325
Atlanta, Georgia 30303
Telephone: (404) 496-4056
Email: KSpearman@LowtherWalker.com

Leighton K. Lee #2975
*Local Counsel*
Law Offices of Leighton K. Lee
222 Merchant Street, Ste. 201
Honolulu, Hawaii 96813
Telephone: (808) 531-3244
Email: leighton@HawaiiLaw.org

Attorneys for Defendant
MATTHEW BELLANGER

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| Plaintiff, ) | | CR 22-00049 JAO |
| ) | | |
| v. ) | | MOTION TO REVIEW |
| ) | | DETENTION ORDER |
| MATTHEW BELANGER (01) ) | | |
| Defendant. ) | | |
| _____ ) | | |

**MOTION TO REVIEW DETENTION ORDER**

Mr. MATTHEW BELANGER respectfully files this his Motion to Review Detention Order, and in support thereof, shows this Honorable Court the following:

1

## I. Procedural History

On June 8, 2022, a Complaint was filed against Mr. Belanger, charging him with False Statement in Purchase of a Firearm in violation of 18 U.S.C. § 922(a)(6), False Statements to Firearms Dealer in violation of 18 U.S.C. § 924(a)(1)(A), Aiding and Abetting in violation of 18 U.S.C. § 2, and Conspiracy in violation of 18 U.S.C. § 371. Compl., 1.

On the same day, this Court issued an arrest warrant against Mr. Belanger. Arrest Warrant, 1.

On June 10, 2022, Mr. Belanger was arrested in the Eastern District of New York. On the same day, the District Court of the Eastern District of New York conducted the initial appearance and detention hearing in this case, and ordered that Mr. Belanger be detained pending trial and removed to the District of Hawaii.

## II. Supporting Memorandum

"If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation . . . of the [detention] order." 18 U.S.C. § 3145(b). With regard to a magistrate judge's determination on "any matter that does not dispose of a charge or defense, . . . [a] party may serve and file objections to the order within 14 days after being served

2

with a copy of a written order . . . or at some other time the court sets." Fed. R. Crim. P. 59(a) (emphasis added). "Question of whether the district court's factual determinations justify the pretrial detention order is reviewed *de novo*." *United States v. Hir,* 517 F.3d 1081 (9th Cir. 2008).

This case is not one in which "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(e)(2); *see* 18 U.S.C. § 3142(f)(1). Therefore, the Government, in support of its request for detention, initially bore, and continues to bear, the burden to prove by a preponderance of the evidence that Mr. Belanger is a risk of flight, or by clear and convincing evidence that he is a danger to the community. 18 U.S.C. § 3142(f)(2); *See United States v. Santos-Flores,* 794 F.3d 1088 (9th Cir. 2015); *United States v. Gebro*, 948 F.2d 1118 (9th Cir. 1991). If the Government failed, and continues to fail, to demonstrate this flight or danger, the Court must release Mr. Belanger pending trial on a personal recognizance, unsecured, or secured bond, subject to limited conditions (18 U.S.C. § 3142(b)), or alternatively, subject to the least restrictive conditions that "will reasonably assure the appearance of [Mr. Belanger] as required and the safety of any other person and the well experienced traveler community . . . ." (18 U.S.C. § 3142(c)(1)(B)).

### A. Risk of flight

It is patently clear that Mr. Belanger is not a risk of flight if released.

Specifically, Mr. Belanger has been cooperative with law enforcement since his arrest. Critically, Mr. Belanger did not flee during the twenty months between the Command Authorized Search approved by the USMC in October, 2020 and the filing of the Complaint in June, 2022, although he had been fully aware that he was a target of an investigation and that the authority has searched the contents of his electronic devices. Aff. in Supp. of Crim. Compl., at 3. Furthermore, that Mr. Belanger retained undersigned counsel indicates that he is prepared to undergo the instant prosecution, knowing that a criminal Complaint has been filed and/or that an indictment is upcoming.

### B. Danger to community

This Court ordered detention based on hearing of the Government's presentation of information that is available in sealed search warrants, which is believed to be evidence against him.

Mr. Belanger submits that, even assuming *arguendo* that the evidence is what it purports to be, "the weight of the evidence is the least important of the various factors" when considering detention.

*United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). "Although the statute permits the court to consider the nature of the offense and the evidence of guilt, the statute neither requires nor permits a pretrial determination that the person is guilty." *Id*. Indeed, the defense has not had a chance to review the discovery to specifically contest the Government's ostensibly strong evidence.

Most importantly, there is no doubt that reasonable conditions of release would assure the community safety if Mr. Belanger is released. For example, home detention combined with an ankle monitor could satisfactorily alleviate those concerns because, with those conditions, Mr. Belanger cannot go to other places.

As such, Mr. Belanger submits that the detention order must be revoked because he is not a risk of flight or danger to the community, and because reasonable conditions of release would assure his appearance and the community safety if released.

**III. Conclusion**

Based on the foregoing, Mr. Belanger prays that this Court revoke the detention order and release him on bond with conditions; or, in the alternative, conduct a hearing on his motion to review detention order.

DATED:    June 24, 2022, at Honolulu, Hawaii

5

By */s/ Leighton K. Lee, Esq.*
LEIGHTON K. LEE, Esq.
Attorney for Defendant

CERTIFICATE OF SERVICE

I certify that on June 29, 2022, I filed the foregoing MOTION TO REVIEW DETENTION ORDER with the Clerk of Courts for the United States District Court for the District of Hawaii via the CM/ECF system, which will automatically serve a copy on all parties of record via electronic mail.

Date: Honolulu, Hawaii, June 29, 2022.

*/s/ Leighton K. Lee, Esq.*
LEIGHTON K. LEE, Esq.
Attorney for Defendant