IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        vs.<br><br>MATTHEW BELANGER,<br><br>                Defendant. | CR. NO. 22-00049-JAO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF NO. 45) |

**ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF NO. 45)**

Matthew Belanger ("Defendant") moves the Court for early termination of supervised release. *See* ECF No. 45 ("Motion"). Both the Government and the United States Probation and Pretrial Services Office ("Probation Office") oppose the Motion. *See* ECF Nos. 46, 47. For the following reasons, the Court DENIES the Motion.

## I.     BACKGROUND

### A.     The Offense

On January 17, 2023, Defendant pleaded guilty to Conspiring to Make a False Statement to a Federal Firearm Licensee (Count 1) and Making a False Material Statement During the Purchase of a Firearm (Count 2). *See* ECF No. 27.

He committed these crimes while participating in a hate group's activities and while serving as a Marine. *See* ECF Nos. 19, 47 at 2 n.1.

**B.     Procedural History**

On June 6, 2023, the Court sentenced Defendant to a term of time served and three years of supervised release. ECF Nos. 37, 40. He filed the instant Motion on September 30, 2024, ECF No. 45, which the Government and the Probation Office opposed, ECF Nos. 46, 47.

**C.     Defendant's Compliance to Date**

Defendant commenced supervised release in June 2023, and that supervision was transferred from this District to the Middle District of Florida a month later. *See* ECF No. 46. To date, he has completed approximately 16 months of his 36-month term of supervised release but has not fulfilled all of the requirements of supervision. *See id*. Specifically, he "has been unemployed for the entirety of supervision and has not been excused from employment." *Id*. at 2. While he proffers that he has made sincere and serious efforts to find a job, *see* ECF No. 45 at 5, his United States Probation Officer has not released him from the requirement to either work at a full-time job, or the requirement that he attempt to find a job, *see* ECF Nos. 40 at 5, 46 at 2. And, although (commendably) he is consistently participating in the mental health treatment required as a term of his supervision, he has not yet been released from treatment. *See id*.

## II. DISCUSSION

Defendant bears the burden of justifying the early termination of his supervised release. *See United States v. Weber*, 451 F.3d 552, 559 n. 9 (9th Cir. 2006). "'The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e).'" *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). That section "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (some internal quotation marks and citation omitted). The language, "conduct of the defendant released and the interest of justice" is an "expansive phrase[]" that allows the Court "discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (internal quotation marks and citation omitted). "The court is encouraged to [grant early termination] in appropriate cases." U.S. Sent'g Guidelines Manual § 5D1.2 cmt. n.5 (U.S. Sent'g Comm'n 2021).

Defendant asserts that an evaluation of the 3553(a) factors warrants early termination of his supervised release term. The Court disagrees because neither Defendant's conduct nor the interest of justice warrant it.

The Court begins by observing what Defendant has done well: he is obtaining the treatment he needs, he is actively looking for employment, and he appears to be in compliance. But review of the Section 3553(a) factors here demonstrates why that isn't enough at this stage of supervision to meet his burden.

Most significantly, the nature and circumstances of the offense were alarming. Defendant's involvement in a pernicious hate group warrants more than 16 months of supervision. Moreover, Defendant's attempt in the Motion to downplay his involvement in that group is unsettling. He was more than just "friends with people in an extremist group," and it certainly wasn't the case that "there was no evidence that he associated with or shared the hateful beliefs of the group other than the fact that he had at one time been friends with the people who directed it." ECF No. 45 at 2–3. The Presentence Report made clear that he was more than just randomly and tangentially involved. *See*, *e.g.*, ECF No. 30 ¶¶ 18, 20–21.

The Court also considers the need to afford deterrence, to protect the public, and to support correctional treatment as weighing in favor of continued supervision. Defendant is doing well but has yet to be discharged from his mental health treatment. Disturbing that continued treatment would neither serve him nor the public. Part of the mental health component here is to assist him in learning

more about his thinking errors, and, in that vein, deter him from future crimes. That deterrence will in turn ensure greater protection of the public as well.

Considering the Section 3553(a) factors, then, and after evaluating the parties' positions, the Court concludes Defendant has not met his burden.  Early termination of his supervised release term is not warranted.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES the Motion.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, October 22, 2024.



Jill A. Otake
United States District Judge

---

Crim. No. 22-00049 JAO, *United States v. Belanger*; ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF NO. 45)